

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Gary Y. Sussman
Assistant U.S. Attorney
gary.sussman@usdoj.gov
(503) 727-1030
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

December 14, 2025

Mark Ahlemeyer
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204

> Re:  *United States v. Robert Arnold Koester*
> Case Nos. 3:19-cr-307-SI; 3:20-cr-340-SI

Dear Counsel:

This letter will set forth the government's plea offer in this case.

1.     **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.     **Charges**:  Defendant is charged by indictment in this district in case number 3:19-cr-307 with six counts of production of child pornography, in violation of Title 18, United States Code, Sections 2251(a) and (e).  He is charged by information in case number 3:20-cr-340 with two counts of production of child pornography in the Southern District of California.  That case was transferred to this district under Fed. R. Crim. P. 21  In addition, defendant is charged with various counts of rape and causing another person to ingest a controlled substance in two separate cases pending in the Yamhill County Circuit Court. Defendant wishes to resolve all of those charges as part of a global resolution.  The USAO and the Yamhill County District Attorney's Office consent to such a resolution.

Defendant agrees to plead guilty to all six counts in the indictment in case number 3:19-cr-307, and both counts in the information in case number 3:20-cr-340.  In addition, defendant will enter guilty pleas in the two Yamhill County cases accordance with an agreement he reached with the Yamhill County District Attorney's Office.

3.     **Penalties**:  Each count in the indictment and each count in the information carries a maximum penalty of 30 years' imprisonment, a 15-year mandatory minimum term of

Mark Ahlemeyer
December 12, 2025
Page 2

imprisonment, a $250,000 fine, and a term of supervised release of five years to life under 18 U.S.C. § 3583(k), and a $100 fee assessment. Under 18 U.S.C. § 2259A(a)(3), defendant may be ordered to pay an additional assessment of up to $50,000. *In addition, defendant will be required to register as a sex offender.* Defendant may also be required to pay restitution to any victim of any federal offense to which he is pleading guilty. Defendant agrees to pay the $100 per count fee assessment by the sentencing hearing or explain to the Court why he cannot do so.

4.    **Sex Offender Registration**: Defendant understands that under the federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in any state or tribal territory in which he resides, is employed, or is a student. Defendant understands that he must update his registration not later than three business days following any change of name, residence, employment, or student status. Even if no such changes occur, defendant must periodically appear in person at a sex offender registration facility to be photographed and verify his information in the registry. How frequently defendant must appear in person depends on the severity of the offense that made defendant a sex offender, and could be as frequently as every three months. *See* 34 U.S.C. § 20918. Defendant must also notify the local sex offender registry of any plans to travel internationally prior to any such travel. Defendant understands that failure to comply with these obligations may subject him to prosecution under federal and/or state law for failing to register or update his registration as a sex offender, or failing to provide notice of international travel as required.

5.    **No Additional Prosecution**: In exchange for defendant's guilty plea, the USAO will neither file nor seek any other new or additional federal criminal charges against defendant in the District of Oregon, presently known to the USAO, arising out of the investigation in this case.

6.    **Sentencing Factors**: The parties agree that the Court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.). The Court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a). The parties' agreement that guideline sentencing factors apply constitutes sufficient proof of those factors to satisfy the applicable evidentiary standard.

7.    **Elements and Facts**:

Defendant understands that the elements of producing child pornography are as follows:

(i)    On or between the dates alleged in each count of the indictment and information, in the District of Oregon (with respect to the indictment) or the Southern District of California (with respect to the information), defendant

Mark Ahlemeyer
December 12, 2025
Page 3

employed, used, persuaded, induced, enticed, or coerced a minor to engage in sexually explicit conduct.

(ii)    He did so for the purpose of producing a visual depiction of such conduct.

(iii)   The visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each element of the crime to which he is pleading guilty and admits there is a factual basis for his guilty plea. The following facts are true and undisputed:

a.    During the times alleged in each count in the indictment and the information, defendant was a professional photographer who took photographs of aspiring models, and did photography work for modeling agencies. Defendant operated a photo studio at his residence in Carlton, Oregon, and also did photo shoots in the Carlsbad, California, in the Southern District of California. Some of the models he photographed were under the age of 18.

b.    On or about September 1, 2018, in the Southern District of California, defendant employed or used the minor identified in Count 1 of the information to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

c.    On or about November 12, 2018, in the Southern District of California, defendant employed or used the minor identified in Count 2 of the information to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The visual depiction was produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

d.    On or about the dates listed in Counts 1-6 of the indictment, in the District of Oregon, defendant employed, used, persuaded, induced, enticed, or coerced the minor victim identified in each count to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. Those visual depictions were produced using materials that had been mailed, shipped,

Mark Ahlemeyer
December 12, 2025
Page 4

_____

or transported in or affecting interstate or foreign commerce by any means, including by computer.

e.  On or about November 13, 2018, police in Carlsbad, California, arrested defendant and charged him with sexual battery and contacting a minor with the intent to have sex. In addition, they executed a California state search warrant at an apartment in Carlsbad that defendant had been using and seized cellular telephones, computer equipment, and Canon professional camera equipment. Visual depictions of the minor victims identified in Counts 1 and 2 of the information engaging in sexually explicit conduct were found on that equipment.

f.  On November 19, 2018, investigators served a federal search warrant at defendant's residence and photo studio in Carlton. They seized numerous cellular phones, laptop computers, external hard drives, and data storage media, multiple laptop computers, various pills, and vials of a liquid substance. Examinations of some of the hard drives and data storage media revealed sexually explicit images and videos of the minor victims identified in the indictment. Some of the videos depicted defendant having sex with the minor victims. In some of those videos, the victims appeared to be unconscious. The liquids in the vials were later tested and found to contain GHB, illicitly used as a "date rape" drug.

g.  None of the cameras that defendant used to produce the visual depictions were manufactured in Oregon or in the Southern District of California. In addition, none of the data storage media to which defendant saved the visual depictions were manufactured in Oregon. Therefore, the visual depictions were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means.

8.  **Relevant Conduct**: The parties agree that defendant's relevant conduct, as defined in U.S.S.G. § 1B1.3, includes all the unlawful conduct alleged in each count the indictment and the information. The parties agree that the following guideline calculations presently apply:

Base offense level [U.S.S.G. §§ 2G2.1(a)] ................................................................................32
Commission of a sexual act described in 18 U.S.C. § 2241(b) [§ 2G2.1(b)(2)(B)] ... +4
Knowing distribution [§ 2G2.1(b)(3)]................................................................................ +2
Depictions of sadistic or masochistic conduct [§ 2G2.1(b)(4)(A)]............................ +4
More than five victims [§§ 2G2.1(d)(1), 3D1.4] ......................................................... +5
Pattern of activity/prohibited sexual conduct [§ 4B1.5(b)]........................................ +5
**Adjusted offense level................................................................................52**

Mark Ahlemeyer
December 12, 2025
Page 5

Except as provided below, the parties agree that no additional specific offense characteristics or cross-references as set forth in U.S.S.G. §§ 2G2.1(b) or (c) and no aggravating or mitigating factors as set forth in U.S.S.G. Chapter Three presently apply to this case.

9.    **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and fully accepts responsibility for his unlawful conduct.  If defendant does so, the USAO agrees to recommend a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any new or additional criminal offense, does anything to obstruct or attempt to obstruct justice as explained in U.S.S.G. § 3C1.1, or does anything inconsistent with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

10.    **Joint Sentencing Recommendation**:  Provided defendant accepts responsibility and fulfills all his obligations under this agreement and his agreement with the Yamhill County District Attorney's Office, the parties will jointly recommend that the Court impose a total sentence of 40 years' imprisonment, reduced to account for the time defendant has been in custody on a California state conviction, for which he will not receive credit from the Bureau of Prisons.  The parties will jointly recommend that the sentence imposed in this case run concurrently with the terms of imprisonment imposed in the California and Yamhill County cases.  The parties each reserve the right to argue for an appropriate term of supervised release within the statutory range in 18 U.S.C. § 3583(k).[1]

11.    **Departures/Variances**:    The USAO agrees not to seek any upward departures, adjustments, or variances from the applicable sentencing range as determined by the Court, and not to seek a term of imprisonment exceeding 40 years (adjusted as described above in paragraph 10).  Defendant agrees not to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range as determined by the Court, or to seek a term of imprisonment of less than 40 years.

12.    **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence in either case, including the term or conditions of supervised release imposed by the Court (including constitutional challenges to those conditions), except for a claim that: (1) the sentence

---

[1]  Since the statutory maximum penalty on each count in the two federal cases is 30 years, the parties will recommend that the Court impose a sentence of 30 years' imprisonment on the first count, a sentence of 30 years' imprisonment on the second count, to run partially concurrently with, and partially consecutive to, the sentence imposed on the first count, and a 30-year sentence on each remaining count, imposed to run concurrently with the sentence imposed on the first count.

Mark Ahlemeyer
December 12, 2025
Page 6

imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory guideline sentencing range as determined by the Court. If defendant seeks an appeal despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds except for ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). If defendant's conviction or sentence under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the Court is not bound to adopt or accept the recommendations of the parties or the presentence report writer. Defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO reserves the right to oppose or contest any argument made or motion filed by defendant at any time. The USAO also reserves the right to challenge statements of fact or guideline calculations in the presentence report, and will fully inform both the Court and the U.S. Probation Office of the facts of this case and the bases for its recommendations.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offense between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

   If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise such a claim in the district court, he has waived that claim and is precluded from raising such a claim for the first time on appeal.

16. **Restitution**: The Court shall order restitution to each victim identified in each count of the indictment and the information, in the full amount of each victim's losses as determined by the Court. Defendant agrees to pay restitution for all losses proximately caused by his conduct, regardless of whether counts of the indictment dealing with such losses will be dismissed as part of this plea agreement.

   Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees

Mark Ahlemeyer
December 12, 2025
Page 7

that pursuant to Title 18, United States Code, Section 3614, he may be resentenced to any sentence that could have originally been imposed if the Court determines that he knowingly and willfully refused to pay restitution as ordered or failed to make sufficient bona fide efforts to pay restitution. Additionally, defendant understands and agrees that the government may enforce collection of restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the Court. Defendant understands that any monetary debt he owes in connection with this matter may be included in the Treasury Offset Program (TOP) to potentially offset his federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to Title 18, United States Code, Section 3612(b)(F), defendant understands and agrees that until a restitution order is paid in full, he must notify the United States Attorney's Office of any change in his mailing address or residence address within 30 days of the change. Further, pursuant to Title 18, United States Code, Section 3664(k), defendant must immediately notify the Court and the U.S. Attorney's Office of any material change in his economic circumstances that might affect his ability to pay restitution, including but not limited to new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

17.     **Forfeiture Terms**:

A.     **Assets and Authority**: By signing this agreement, defendant knowingly and voluntarily forfeits all right, title, and interest in and to all assets listed in Attachment A to the Bill of Particulars filed in case number 3:19-cr-00307, as well as all assets listed in the Bill of Particulars filed in case number 3:20-cr-00340, which are subject to forfeiture pursuant to 18 U.S.C. § 2253, and which defendant admits is property that contains visual depictions which were produced, transported, mailed, shipped or received in violation of the law; all property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and all property, real and personal, used or intended to be used to commit or to promote the commission of the offense and all property traceable to the violations set forth in Counts 1 through 6 of the indictment and Counts 1 and 2 of the information.

B.     **Agreement to Civil Forfeiture**: Defendant agrees not to file a claim or petition or to withdraw any claim or petition already filed to any of the listed property in any civil proceeding, administrative or judicial, which has been initiated, including the parallel civil forfeiture case filed as 3:19-cv-00071, *United States v. 16470 NW Meadow Lake Road, Carlton, Oregon, in rem*. Defendant further waives the right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim or petition in any forfeiture proceeding.

Mark Ahlemeyer
December 12, 2025
Page 8

        C.      **No Alteration or Satisfaction**: Defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of assets. Defendant knowingly and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets, including any claim or defense under the Eighth Amendment to the United States Constitution, and any rights under Fed. R. Crim. P. 32.2. Defendant further agrees forfeiture of defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon defendant in addition to forfeiture.

        D.      **Title Assistance**: Defendant agrees to fully assist the USAO in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States, including but not limited to surrender of title and execution of any documents necessary to transfer defendant's interest in any of the above property to the United States, and assist in bringing any assets located outside the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

        E.      **Assets Not Identified**: The USAO reserves its right to proceed against any remaining assets not identified either in this agreement or in the civil actions which are being resolved along with this plea of guilty, including any property in which defendant has any interest or control, if said assets, real or personal, tangible or intangible, are subject to forfeiture.

        F.      **Final Order of Forfeiture**: Defendant agrees not to contest entry of a Final Order of Forfeiture reflecting these forfeiture terms at the conclusion of the criminal case.

18.      **Total Agreement**: This letter states the full extent of the agreement between the parties. No promises, agreements, representations, or conditions other than those in this agreement will be effective unless memorialized in writing and signed by the parties or confirmed in court and on the record. Defendant agrees that no officer, employee, or agent of the United States has threatened or coerced him to induce him to accept this offer.

/ / /

/ / /

/ / /

Mark Ahlemeyer
December 12, 2025
Page 9

_____

     If defendant wishes to accept this offer, both of you should sign and date this letter in the spaces provided below.  Please attach the signed original to the plea petition and send me a copy at your earliest convenience.

Very truly yours,

SCOTT E. BRADFORD
United States Attorney

*/s/ Gary Y. Sussman*
GARY Y. SUSSMAN
Assistant United States Attorney

     I FREELY AND VOLUNTARILY ACCEPT THE TERMS AND CONDITIONS OF THIS PLEA OFFER, AFTER FIRST REVIEWING AND DISCUSSING EACH PART OF IT WITH MY ATTORNEY.  I AM SATISFIED WITH THE LEGAL ASSISTANCE PROVIDED TO ME BY MY ATTORNEY.  I WISH TO PLEAD GUILTY BECAUSE I AM GUILTY.

3/10/26
Date

ROBERT ARNOLD KOESTER
Defendant

     I am legal counsel for defendant.  I have carefully reviewed and discussed every part of this plea offer with defendant.  To my knowledge, defendant's decisions to accept this agreement and to plead guilty are informed and voluntary ones.

3/10/26
Date

MARK AHLEMEYER
Attorney for Defendant