SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**KATE A. ROCHAT, OSB #184324**
**MIRA CHERNICK, MASB #696845**
Assistant United States Attorneys
Kate.Rochat@usdoj.gov
Mira.Chernick@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:19-cr-00307-001-SI** |
| | **3:20-cr-00340-001-SI** |
| v. | |
| | **GOVERNMENT'S SENTENCING** |
| **ROBERT ARNOLD KOESTER,** | **MEMORANDUM** |
| **Defendant.** | |

I.    **Introduction**

Over the course of five years, Defendant Robert Arnold Koester lured numerous teenage

girls to his residence and other locations across California and Oregon, where he drugged,

molested, strangled, and raped them.  He recorded much of this abuse and sold the images of

child sexual abuse and exploitation to others.  He has already been sentenced to decades in

prison for related offenses under California and Oregon state laws, and a similarly significant

**Government's Sentencing Memo**                                                      **Page 1**

sentence is appropriate here. The government joins with the probation officer and defendant in recommending that the Court impose a sentence of 480 months imprisonment.  The government also joins with the probation officer in recommending a lifetime term of supervision.

## II.    Factual Background

The federal charges against defendant concern his sexual exploitation of eight minor victims in California and Oregon over an approximately four-year period spanning from early 2015 through late 2018.[1]  Defendant's exploitation of these victims, and numerous others, followed a clear pattern.  He targeted aspiring models, using his professional position as a photographer to obtain access to teenage girls and earn their trust.  Defendant was in his late forties and early fifties when he exploited and sexually abused his victims, who included girls as young as fifteen years old.

Defendant enticed his victims with the promise of a career in the fashion industry through his modeling agency, Frank Model Management. He paid for their transportation, often buying them plane tickets to fly to his residence in Oregon, where victims would stay for multiple days while participating in photo shoots. He offered them alcohol and drugs, including marijuana and cocaine. He groomed them by showing them images of naked models, and then coerced them into removing their clothes.  He photographed his victims in revealing positions, sometimes using hidden cameras to capture more explicit angles without his victims' knowledge.

He then escalated from sexual exploitation to sexual abuse of his child victims. Defendant kissed, groped, and penetrated the victims with his fingers.  He often became violent—biting, scratching, and choking the girls while he sexually assaulted them.  He coerced

---

[1] The specific facts underlying each count are described in detail in the Presentence Investigation Report.

**Government's Sentencing Memo** **Page 2**

some of his victims into engaging in sexual relationships with him, penetrating them vaginally and choking them with his penis. He recorded his sexual abuse of his minor victims and maintained a large collection of self-produced child pornography that included thousands of images.

The horror did not end there. Defendant used GHB and other intoxicants to drug the girls, rendering them unconscious. He then abused them sexually and physically while recording the assaults. At least one victim was anally raped, strangled, and slapped while she was barely conscious and unable to resist. Defendant penetrated his drugged victims with his fingers and his penis, leaving them to wake up confused and in pain. He maintained these child rape videos along with his recordings of his sexual abuse of his conscious victims.

Defendant appears to have been amused by his conduct. Multiple child victims reported that he recorded himself strangling them and then laughed as he showed them the images, remarking that they looked "dead." A video discovered by investigators shows defendant laughing as he gags a victim with his fingers. Defendant bragged to at least one victim about the amount of money he expected to make from selling the images and videos of child sexual abuse he produced. He bragged to another minor victim about repeatedly drugging a 16-year-old girl and sodomizing her while she was unconscious. The closest defendant has come to expressing remorse for his actions is his observation, during his interview with investigators, that he could not continue answering their questions without sounding like a "serial child molester."

## III.    Sentence Recommendation

Defendant's crimes against children are among the worst this district has seen. The number of minor victims, the sadism with which he sexually and physically abused them, and the sheer quantity of child sexual abuse material he produced all warrant a sentence that ensures this

**Government's Sentencing Memo**                                      **Page 3**

defendant can never harm another child or enjoy another day of freedom.  The parties' joint

recommendation of a sentence of forty years imprisonment is sufficient but no greater than

necessary to punish defendant and protect the community from his exploitation and abuse.

The Presentence Investigation Report calculates defendant's guidelines differently than

the parties contemplated in the plea agreement, but arrives at the same final offense level.  For

the sake of simplicity, the parties have agreed to recommend that the Court adopt the guidelines

as they are calculated in the PSR.  Regardless of which calculations are applied, defendant's

offense level is far above the high end of the sentencing table, resulting in a guidelines range of

life.

The joint recommendation of forty years imprisonment appropriately reflects both the

nature and circumstances of the offense and the history and characteristics of the defendant.  It

balances the aggravating factors of his conduct, which are discussed in detail above, with the

mitigating factors present in this case, including defendant's cooperation with investigators, his

acceptance of responsibility across multiple criminal cases related to the instant offense, and the

interest of the victims in resolving this case without the need for further litigation.  Most

importantly, a forty-year sentence, to run concurrent with defendant's twenty-five-year sentence

in the California case and the fifty-year sentence in his Yamhill County case,[2] will protect girls

and young women from further abuse and exploitation by this defendant.

Should the defendant live long enough to be released from custody, he should be on

supervised release for the rest of his life to ensure that any attempts or steps towards reoffending

---

[2] As stated in the PSR and the plea agreement, the parties will jointly recommend that
defendant's time spent in state custody on these related cases be counted towards his federal
sentence as well.

**Government's Sentencing Memo**                                                    **Page 4**

can be detected and sanctioned as quickly as possible.  This is particularly important in cases involving the sexual abuse and exploitation of children, since such crimes can be committed via computers and the internet even if a defendant is prevented from having in-person contact with children.  The government therefore joins in probation's recommendation of a life term of supervised release.

The government respectfully urges the Court to adopt the recommendation of the parties and the probation officer and impose a sentence of 360 months on Count 1 in case number 19CR307; a sentence of 360 months on Count 2 in case number 19CR307, with 120 months consecutive to Count 1 and 240 months concurrent to Count 1; and a sentence of 360 months on Counts 3-6 in case number 19CR307 and Counts 1-2 in case number 20CR340, concurrent to Count 1 in case number 19CR307; for a total of 480 months.  The government further urges the Court to impose a life term of supervised release, a $100 special assessment per count, and order restitution to each victim in the full amount of their losses.

## IV.    Restitution

The minor victims in this case are entitled to restitution by statute and pursuant to the plea agreement.  As of this date, the government has received one restitution request and anticipates that more may be received in the near future. Accordingly, the government requests that a restitution hearing be set within ninety days of sentencing.

Dated: July 29, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Kate Rochat*
KATE A. ROCHAT, OSB #184324
MIRA CHERNICK, MASB #696845
Assistant United States Attorneys